Filed & Entered
On Docket
November 16, 2011

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:
    **John T. Galaske, Sr.,**                                                            **Chapter 13**
              **Debtor.**                                                                        **# 11-10891**

_____

## ORDER
### OVERRULING OBJECTION TO CONFIRMATION OF PLAN UNDER § 1322(b)(2)

On November 15, 2011, the Court held a hearing to address confirmation of the Debtor's proposed chapter 13 plan (doc. # 5) as well as the Debtor's motion for mortgage mediation (doc. # 12) (the "Motion"), and the objections filed by JPMorgan Chase Bank, N.A. (the "Creditor") to both the Motion and the plan (doc. ## 14 and 15). Shortly prior to the hearing, the Debtor filed a response to the Creditor's objection to the Motion (doc. # 16), and the Creditor supplemented its objection to the Motion (doc. # 17).

The issue presented was whether the Creditor's claim, secured by a mortgage on real property at which the Debtor resided, could be modified under the plan or if such modification was prohibited by 11 U.S.C. § 1322(b)(2). Under the provisions of chapter 13, a debtor's plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." 11 U.S.C. § 1322(b)(2). The dispute here arises because the property in question is both the Debtor's primary residence and the site of his automotive business.

At the hearing, the Debtor's attorney stated that the Debtor acquired the real property in 2002, and since then has used the real property both as a residence and as the location of an automotive shop. The Debtor granted the subject mortgage to the Creditor in 2007. The Creditor's attorney argued that as long as the real property is the site of the Debtor's principal residence, the anti-modification provision applies, notwithstanding any other use of the property. He did not dispute that the property had the described dual use at the time the Creditor obtained its security interest.

Based upon these facts, the Court overruled the Creditor's objection, specifically relying upon In re Moore, 441 B.R. 732 (Bankr. N.D.N.Y. 2010). This Order is entered to memorialize the Court's bench ruling. In Moore, the Bankruptcy Court for the Northern District of New York (Davis, J.) described the varying interpretations of the scope of the § 1322(b)(2) anti-modification provision and

concluded that the analysis most aligned with the language of the statute is that set forth in <u>Scarborough v. Chase Manhattan Mortg. Corp. (In re Scarborough)</u>, 461 F.3d 406 (3d Cir 2006). <u>Moore</u>, 441 B.R. at 739–41. Judge Davis adopted the <u>Scarborough</u> rationale, and held that as to "principal residence disputes under § 1322(b)(2), the decisive factors are solely '(1) whether the claim is secured only by real property, and (2) whether the real property is the debtor's principal residence.'" <u>Id.</u> at 741 (quoting <u>Scarborough</u>, 461 F.3d at 411). Further, "[i]n answering these questions, the relevant time period is necessarily when the creditor takes a security interest in the real property in question, and the Court must, therefore, 'look to the character of the collateral at the time of the mortgage transaction.'" <u>Id.</u> (quoting <u>Scarborough</u>, 461 F.3d at 412).

If the real property is not being used solely as the debtor's principal residence at the time of the mortgage transaction, the anti-modification provision of § 1322(b)(2) is inapplicable. As established at the hearing, at the time the Creditor took its security interest in the Debtor's real property in 2007, the real property was not being used solely as a residence, but rather the Debtor was using it for both residential and commercial purposes. Thus, the Creditor's claim falls outside of the scope of the anti-modification provision of § 1322(b)(2) and the claim may be modified under the Debtor's proposed plan.

Based upon this ruling, the Debtor withdrew his motion for mortgage mediation.

Accordingly, IT IS HEREBY ORDERED that the Creditor's objection to confirmation of the Debtor's plan is OVERRULED.

IT IS FURTHER ORDERED that based upon the record in this case and the testimony provided by the Debtor at the November 15, 2011 hearing, the Trustee shall promptly file a proposed confirmation order.

SO ORDERED.

November 16, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge